**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HOWARD BLOOMGARDEN, <br><br> Petitioner-Appellant, <br><br> v. <br><br> BUREAU OF PRISONS; STATE OF CALIFORNIA, <br><br> Respondents-Appellees. | No. 09-56670 <br><br> D.C. No. 2:06-cv-1426-DSF-OP <br><br> ORDER[*] |

On Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 7, 2011
Pasadena, California

Before: HAWKINS and FISHER, Circuit Judges, and ZOUHARY, District Judge.[**]

Petitioner-Appellant Howard Bloomgarden appeals the district court's denial

of his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Bloomgarden

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Jack Zouhary, District Judge for the Northern District of Ohio, sitting by designation.

alleges his transfer from federal to state custody violated the thirty-day waiting period in Article IV(a) of the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C. app. 2 § 2.

Bloomgarden is a federal prisoner serving a 405-month sentence pursuant to his 1996 guilty plea in connection with multiple charges in the Eastern District of New York. This plea allocution implicated Bloomgarden in two California murders, and California officials later charged Bloomgarden with two counts of capital murder.

In 1999, California officials lodged a detainer, pursuant to the IAD, with the Bureau of Prisons ("BOP"), requesting Bloomgarden's transfer to California state custody to try Bloomgarden on the capital murder charges. Bloomgarden, who had been transferred to Florida state custody on other charges prior to California's detainer, was returned to federal custody in Texas in 2005.

Shortly after his return to federal custody, California again requested Bloomgarden be transferred. This time, California submitted a writ of habeas corpus *ad prosequendum* ("Writ") to the BOP. BOP officials treated the Writ as a second request for temporary custody detainer and accordingly informed Bloomgarden of his rights under the IAD, notifying the state prosecutors that it had done so. In response, California officials indicated they did not intend for the Writ

to be treated as a second detainer request under the IAD, requested the prior detainer be removed, and provided the BOP with instructions to transfer Bloomgarden under the Writ.

BOP officials presented Bloomgarden with a document waiving the IAD thirty-day waiting period, which he refused to sign. During the thirty-day period, Bloomgarden expressed his intent to contest the transfer and submitted three requests to prison officials seeking information about the transfer. Prison officials ignored the requests. One official told Bloomgarden he had no rights to contest the transfer and that his transfer was a "*fait accompli.*"

Just prior to his transfer to California, Bloomgarden filed the pleading that is the basis for this appeal, claiming the BOP failed to comply with IAD Article IV(a), which allows a prisoner to file a motion with the U.S. Attorney General requesting the Attorney General disapprove the transfer. *See* 18 U.S.C. app. 2 §§ 2, 3. Construing his pleading as a habeas petition, the district court denied relief, holding that habeas relief for a violation of Article IV(a) of the IAD was not available and that Bloomgarden's right to contest the transfer under the IAD had not been violated. Bloomgarden was transferred in May 2005 from federal custody in Texas to state custody in California where he awaits trial.

The relevant portion of IAD Article IV states:

3

(a) The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party State made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated: *Provided*, That the court having jurisdiction of such indictment, information, or complaint shall have duly approved, recorded, and transmitted the request: *And provided further*, That there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending State may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.

18 U.S.C. app. 2 § 2, art. IV(a) (emphasis in original).

The IAD, as an interstate compact approved by Congress, is a federal law subject to federal, not state, construction. *See Cuyler v. Adams*, 449 U.S. 433, 438–42 (1981). The United States is a party bound by the IAD, whether sending or receiving prisoners. *See United States v. Mauro*, 436 U.S. 340, 354 (1978). When the sending state is the United States, the term "Governor" as used in the IAD means the Attorney General. 18 U.S.C. app. 2 § 3.

The IAD applies when the United States or a state "activates its provisions by filing a detainer against a state prisoner and then obtains his custody by means of a writ of habeas corpus *ad prosequendum*." *Mauro*, 436 U.S. at 349. "[T]he detainer remains lodged against the prisoner until the underlying charges are

4

finally resolved." *Id.* at 362. Furthermore, "it must be conceded that: . . . a detainer, once filed, brings the Act into play whereas a writ of habeas corpus *ad prosequendum*, standing alone, would not." *United States v. Schrum*, 504 F. Supp. 23, 25 (D. Kan. 1980), *aff'd*, 638 F.2d 214 (10th Cir. 1981). California's application for the Writ acknowledged that a detainer for Bloomgarden had been lodged with the BOP in 1999. California's attempt to circumvent the requirements of the IAD by proceeding solely under an *ad prosequendum* writ, after a detainer had already been filed, was foreclosed by *Mauro*. *See*, *e.g.*, *United States v. Knight*, 562 F.3d 1314, 1325–26 (11th Cir. 2009) (citing *Mauro*, 436 U.S. at 340, 362). Once the detainer was entered, California could not "remove [the] detainer" without complying with the IAD.

Because Bloomgarden refused to waive his thirty-day window allowed under the IAD, the BOP's refusal to respond to Bloomgarden's requests for information regarding his transfer, let alone acknowledge his right to contest his transfer, resulted in a violation of the IAD's clear directive affording a prisoner the opportunity to contest a transfer. BOP officials, by thwarting Bloomgarden's attempts to contest his transfer, denied Bloomgarden his rights under the IAD.

Accordingly, while he is being held in state custody, Bloomgarden may file a motion with the U.S. Attorney General, in accordance with IAD Article IV(a),

5

within thirty (30) days of this Order, requesting the Attorney General exercise his discretion to disapprove Bloomgarden's transfer to California. The Attorney General shall promptly review Bloomgarden's motion and shall notify Bloomgarden and the California district court of his decision. The Petition is remanded to the district court for further proceedings in accordance with this Order and the decision of the Attorney General.

PETITION REMANDED.